UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLENOID GREER,

        Petitioner,

v.                                 CASE NO. 2:07-CV-10873
                                 HONORABLE LAWRENCE P. ZATKOFF

MARY BERGHUIS,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DENYING PETITIONER'S MOTIONS FOR APPOINTMENT OF COUNSEL, EVIDENTIARY HEARING, AND ORAL ARGUMENT, DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I. Introduction**

Flenoid Greer ("Petitioner"), a Michigan prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 1990 state court conviction for second-degree murder for which he was sentenced to 60 to 90 years imprisonment. This matter is before the Court on Respondent's motion for summary judgment seeking dismissal of the petition as untimely, as well as Petitioner's motions for appointment of counsel, evidentiary hearing, and oral argument. For the reasons set forth, the Court grants Respondent's motion for summary judgment, denies Petitioner's motions for appointment of counsel, evidentiary hearing, and oral argument, dismisses the petition for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d), and denies a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

1

## II. Facts and Procedural History

Petitioner was convicted of second-degree murder following a jury trial in the Wayne County Circuit Court and was sentenced to 60 to 90 years imprisonment on July 27, 1990. He filed an appeal as of right with the Michigan Court of Appeals, which affirmed his convictions and sentence. *See People v. Greer*, No. 133589 (Mich. Ct. App. Feb. 24, 1993) (unpublished). He also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *See People v. Greer*, 443 Mich. 861, 505 N.W.2d 583 (1993).

On June 19, 1998, Petitioner filed a motion for relief from judgment in the state trial court challenging his 1990 conviction and sentence, which was granted in part when the trial court re-sentenced Petitioner to 40 to 70 years imprisonment on August 18, 1998. On appeal, the Michigan Court of Appeals issued a peremptory order reversing the trial court's order and reinstating Petitioner's original sentence of 60 to 90 years imprisonment. *See People v. Greer*, No. 214241 (Mich. Ct. App. Jan. 28, 1999) (unpublished). The court also denied Petitioner's related claim of appeal as moot. *People v. Greer*, No. 215982 (Mich. Ct. App. Oct. 31, 2000) (unpublished). Petitioner did not seek leave to appeal this decision with the Michigan Supreme Court.

Petitioner dated the present habeas petition on February 21, 2007. In his pleadings, Petitioner raises claims of improper denial of a directed verdict, insufficient evidence, prosecutorial misconduct, ineffective assistance of trial and appellate counsel, jury instruction error, and cumulative error. Respondent filed a motion for summary judgment on September 5, 2007 asserting that the petition should be dismissed as untimely. Petitioner has filed a reply to that answer asserting that the statute of limitations should not bar his petition. He has also filed motions for appointment of counsel, evidentiary hearing, and oral argument.

### III. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The revised statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's 1990 conviction became final before the AEDPA's April 24, 1996 effective date. Prisoners whose convictions became final prior to the AEDPA's effective date are given a one-year grace period in which to file their federal habeas petitions. *See Abela v. Martin*, 348 F.3d 164, 167

(6th Cir. 2003). Accordingly, Petitioner was required to file his habeas petition on or before April 24, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his state court motion for relief from judgment challenging the constitutionality of his 1990 conviction until June 19, 1998. Thus, the one-year grace period had expired before Petitioner sought state post-conviction or collateral review of his 1990 conviction. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). Petitioner's 1998 state court proceedings did not toll the running of the statute of limitations. The AEDPA's limitations period is only tolled while a prisoner has a properly filed motion for post-conviction or collateral review under consideration. *See* 28 U.S.C. § 2244(d)(2); *Hudson v. Jones*, 35 F. Supp. 2d 986, 988 (E.D. Mich. 1999). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).[1]

Petitioner does not allege that his habeas claims are based upon newly-discovered facts or newly-recognized constitutional rights, nor does he allege that the state created an impediment to the filing of his habeas petition. Petitioner's habeas action is therefore barred by the statute of

---

[1] Further, even if the Court were to consider the 1998 re-sentencing proceedings as restarting the one-year period, the petition is still untimely. The Michigan Court of Appeals issued its last decision in those proceedings on October 31, 2000. Petitioner then had 56 days in which to seek leave to appeal with the Michigan Supreme Court. *See* Mich. Ct. R. 7.302(c)(3). He did not do so. The reinstatement of his sentence thus became final on December 26, 2000. He then had one year, until December 26, 2001, to file his federal habeas petition. He did not file the present petition until February 21, 2007, well after the expiration of the one-year period.

4

limitations set forth at 28 U.S.C. § 2244(d).

In his reply to Respondent's motion, Petitioner contends that application of the limitations period would violate the Suspension Clause to the United States Constitution. Under the Suspension Clause, Congress cannot abolish habeas corpus except in situations of rebellion or invasion. *See* U.S. CONST. art. I, § 9, cl. 2. The United States Supreme Court has found that habeas legislation violates the Suspension Clause only when it unreasonably "renders the habeas remedy 'inadequate or ineffective' to test the legality of detention." *See Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998) (quoting *Swain v. Pressley*, 430 U.S. 372, 381 (1977), and *United States v. Hayman*, 342 U.S. 205, 223 (1952)). Because the AEDPA's statute of limitations leaves habeas petitioners with a reasonable opportunity to have their claims heard on the merits, the limitations period does not render the habeas remedy "inadequate or ineffective to test the legality of detention." *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 113 (2nd Cir. 2000); *accord Wyzykowski v. Dep't. of Corr.*, 226 F.3d 1213, 1217 (11th Cir. 2000); *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000). The AEDPA's statute of limitations does not unconstitutionally suspend the writ of habeas corpus. *See Ross v. Berghuis*, No. 02-CV-74632-DT, 2007 WL 1041209, *1 (E.D. Mich. April 4, 2007) (unpublished); *see also Thomas v. Straub*, 10 F. Supp. 2d 834, 836 (E.D. Mich. 1998).

Petitioner relatedly contends that application of the AEDPA's statute of limitations impairs his First Amendment right of access to the courts. This contention similarly lacks merit. The one-year limitations period (with the one-year grace period for prisoners whose convictions became final prior to the AEDPA's enactment) gives prisoners a reasonable amount of time in which to seek federal habeas review. *See Infante v. Artuz*, No. 99 CV 8640(RR), 2002 WL 460049, *4 (E.D.N.Y. Feb. 12, 2002); *Greene v. Angelone*, No. 2:01-CV-539, 2002 WL 32882692, *1 (E.D. Va. Feb. 8,

2002) (finding logic of Suspension Clause cases compelling in the First Amendment context). Petitioner's constitutional challenges to the statute of limitations are unavailing.

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001). Generally, a litigant seeking equitable tolling bears the burden of establishing: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (assuming but not deciding that equitable tolling applies to federal habeas actions); *see also Jurado v. Burt*, 337 F.3d at 642; *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). In *Dunlap*, the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008.

Petitioner has not set forth sufficient circumstances which caused him to institute his state court motion for relief from judgment after the expiration of the one-year limitations period. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases

ruling that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

The Sixth Circuit has also held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Knickerbocker v. Wolfenbarger,* 212 Fed. Appx. 426 (6th Cir. 2007). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, _ U.S. _, 126 S. Ct. 2064, 2077 (2006) (reiterating that a federal habeas court must consider all the evidence, new and old, exculpatory and inculpatory, in determining an actual innocence exception to a procedural bar). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. "A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt..." *House*, 126 S. Ct. at 2077. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Petitioner has made no such showing. Conclusory allegations of actual innocence do not justify equitable tolling. *See Ross v. Berghuis*, No. 02-CV-74632-DT, 2007 WL 1041209 (E.D. Mich. April 4, 2007) (citing *Weibley v. Kaiser*, 50 Fed. Appx. 399, 403 (10th Cir. 2002)). Petitioner has failed to demonstrate that he is entitled to tolling of the one-year period. His petition is therefore untimely and subject to dismissal.

### IV. Conclusion

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and that the statute of limitations precludes federal review of the petition. Accordingly, the Court **GRANTS** Respondent's motion for summary judgment and **DISMISSES WITH PREJUDICE** the petition for writ of habeas corpus. Given this determination, the Court also **DENIES** Petitioner's motions for appointment of counsel, evidentiary hearing, and oral argument.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed. In such a case, no appeal is warranted. *Id.*

After conducting the required inquiry and for the reasons stated herein, the Court is satisfied that jurists of reason would not find the Court's procedural ruling debatable. Accordingly, the Court **DENIES** a certificate of appealability in this case. The Court also **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal because any appeal would be frivolous. *See* Fed. R. App. P.

24(a).

**IT IS SO ORDERED.**

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: October 12, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 12, 2007.

s/Marie E. Verlinde
Case Manager
(810) 984-3290